ON MOTION TO ENFORCE MANDATE
PER CURIAM.
Appellant William Bechtold has moved to enforce our mandate and direct the trial court to comply with this court’s decision in Bechtold v. Bechtold, 588 So.2d 321 (Fla. 4th DCA 1991). In Bechtold this court reversed and remanded the trial court’s order dismissing appellant's petition for dissolution of marriage and partition. We instructed the trial court “to reinstate the husband’s complaint for partition and, upon proper motion, to allow the husband to amend his petition for dissolution if he so desires.” Id. at 321-22. On remand, it appears that the trial court inquired of appellant further, before dismissing appellant’s action a second time. However, we have no transcript of that hearing, nor any indication that appellant waived his rights afforded by our remand or that he stipulated to dismissal of his claims.
While the trial court’s latest order of dismissal reflects appellant’s concession that there was a final judgment of dissolution entered in Massachusetts, and that his appeal of that final judgment was dismissed by the Massachusetts appellate court, we are unable to determine whether or not there are still issues that could be litigated in Florida. It is possible that appellant’s proposed action for partition of Florida real property is still a viable issue. Accordingly, upon issuance of this order, the trial court is again instructed to allow appellant to reinstate his complaint for partition and amend his petition for dissolution upon proper motion.
ANSTEAD and POLEN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.